UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUINCY LUNDY,

                           Petitioner,

v.                                                9:21-CV-0899
                                                (GTS/DJS)

SUPERINTENDENT, Southport Corr. Fac.,

                           Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

THE LAW OFFICE OF JODI MORALES          JODI MORALES, ESQ.
  Counsel for Petitioner
888 Grand Concourse, Suite1h
Bronx, New York 10451

HON. LETITIA A. JAMES                       MICHELLE ELAINE MAEROV, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this habeas corpus proceeding filed by Quincy Lundy ("Petitioner") against the Superintendent of Southport Correctional Facility ("Respondent") pursuant to 28 U.S.C. § 2254, is the Report-Recommendation of United States Magistrate Judge Daniel J. Stewart recommended that Petitioner's Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 20.) Petitioner has filed Objections to the Report-Recommendation, and Respondent has filed a response to those Objections. (Dkt. Nos. 23, 24.) For the reasons set forth below, Magistrate Judge

Stewart's Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

I.     **RELEVANT BACKGROUND**

   A.   **Procedural History**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2014 conviction for murder in the second degree and criminal possession of a weapon in the second degree, but will simply refer the reader to the relevant portions of Magistrate Judge Stewart's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 20, at Part II.) Nor will the Court repeat the claims asserted in the Petition or the findings of fact and conclusions of law asserted in the Report-Recommendation; rather, again, the Court will simply refer to the relevant portions of Magistrate Judge Stewart's Report-Recommendation, which contain that information. (*Id*. at Parts III and IV.)

   B.   **Petitioner's Objections to the Report-Recommendation**

Generally, in his Objections, Petitioner asserts two arguments. (Dkt. No. 23.) First, Petitioner argues, Magistrate Judge Stewart erred in recommending the denial of his ineffective-assistance-of-counsel claim for the following reasons: (a) contrary to Magistrate Judge Stewart's finding that Petitioner "failed to prove" that trial counsel's performance (in failing to object to Detective Jeffrey Okon's hearsay testimony) was deficient, that failure prevented Petitioner from raising a meaningful defense against the prosecution's theory of multiple shooters (which is a deficiency that Petitioner cannot "prove" now only because he was not afforded an evidentiary hearing on the matter in state court); (b) contrary to Magistrate Judge Stewart's finding that trial counsel was not ineffective for failing to call Sam Massard as a defense witness, that failure was

not reasonable, because adducing Massard's testimony would have undermined the testimony of the prosecution's chief witness, Jason Acevedo, far more than impeaching Acevedo by highlighting his prior inconsistent statements; and (c) contrary to Magistrate Judge Stewart's finding that trial counsel was not ineffective for failing to call Shevockie Bloodworth as a defense witness, that failure was not reasonable, because Bloodworth's statement that he "certainly would have recognized [Petitioner, if Petitioner was the shooter]" could have been consistent with his statement "that he did not know who shot Belle or himself." (*Id*. at 1-4.)

Second, Petitioner argues, Magistrate Judge Stewart erred in recommending the denial of Petitioner's severance claim for the following reasons: (a) although Magistrate Judge Stewart characterized Petitioner's severance claim as partly unexhausted because his consolidated appellate brief did not call the Appellate Division's attention to the federal nature of that claim, Petitioner's brief cited relevant federal case law that necessarily called to mind the federal nature of his underlying several challenge; (b) contrary to Magistrate Judge Stewart's finding that Petitioner had "not identified case law supporting his theory" that the Supreme Court decision in "*Zafiro* [*v. United States*, 506 U.S. 534 (1993),] could be read as requiring severance in a situation other than one where the defendants presented antagonistic defenses," *Zafiro* itself emphatically supports Petitioner's position that severance was required here; and (c) contrary to Magistrate Judge Stewart's finding that the trial court's *Allen* charged somehow demonstrated the fact that jurors were considering the evidence against Petitioner and his co-defendant separately, it demonstrated the fact that jurors had serious doubts about Petitioner's guilt and that, had he been tried separately, it is almost certain he would have been acquitted. (*Id*. at 4-5.)

C.     **Respondent's Response to Petitioner's Objections**

Generally, in response to Petitioner's Objections, Respondent asserts two arguments. (Dkt. No. 24.) First, Respondent argues, the Court should reject Petitioner's arguments regarding his ineffective-assistance-of-counsel claim for the following reasons: (a) Petitioner's argument regarding trial counsel's failure to object to Detective Okon's hearsay testimony merely restates argument that he presented below to Magistrate Judge Stewart (on pages 46 and 47 of his underlying memorandum of law) and thus is entitled to only a clear-error review, and in any event the argument is without merit, because Walter Belle's identification of someone other than Petitioner as the shooter was a fact that favored Petitioner, and Petitioner's argument to the contrary is illogical and incorrect; (b) Petitioner's argument regarding trial counsel's failure to call Sam Massard as a defense witness is without merit, because Massard's testimony would have neither inculpated nor exculpated Petitioner in the shooting (given that he stated that he saw no one in the area before the shooting and ran for cover as soon as he heard gunshots); and (c) Petitioner's argument regarding trial counsel's failure to call Shevockie Bloodworth as a defense witness merely restates an argument that he presented below to Magistrate Judge Stewart (on page 44 of his underlying memorandum of law) and thus is entitled to only a clear-error review, and in any event the argument is without merit, because Bloodworth's 2016 statements lacked credibility in that they were inconsistent with his early statements, and because cross-examining the police detective about his conversation with Bloodworth was more effective that adducing Bloodworth's testimony (given that Bloodworth did not know who had shot him). (*Id*. at 7-9.)

Second, Respondent argues, the Court should reject Petitioner's arguments regarding his severance claim for the following reasons: (a) Petitioner's argument regarding exhaustion is without merit, because the federal cases that Petitioner cited in his brief in state court (which are

referenced in the record at Dkt. No. 11, Attach. 1, at 30-31, and Dkt. No. 20, at 45-46) in fact had nothing to do with severance; (b) Petitioner's argument regarding *Zafiro* merely restates an argument that he presented below to Magistrate Judge Stewart (on page 4 of his underlying memorandum of law) and thus is entitled to only a clear-error review, and in any event the argument is without merit, because it fails to pinpoint any defect in Magistrate Judge Stewart's reasons for rejecting that argument (e.g., the defenses of Petitioner and his co-defendant were not mutually antagonistic, and *Zafiro* did hold that severance was required in such a case); and (c) Petitioner's argument regarding the *Allen* charge is without merit, because Magistrate Judge Stewart did not in fact equate an *Allen* charge with proof of separate deliberations, which in any event was demonstrated by the fact that the jury first found Petitioner's co-defendant guilty, then returned to its deliberations on Petitioner's individual guilt, during which time the Court issued an *Allen* charge.  (Dkt. No. 24, at 9-11.)

## II.  APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

      When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear*

---

claim.").

      [2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.⁴

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁴ *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.   ANALYSIS**

After carefully considering the matter, the Court rejects each of the arguments asserted by Petitioner in his Objections for each of the reasons stated by Respondent in his response thereto. *Compare* Part I.B. of this Decision and Order *with* Part I.C. of this Decision and Order.  As a result, the Court finds that those portions of the Report-Recommendation that Petitioner has not specifically challenged (or that he has challenged only through repeated arguments) survive a clear error review, and that those portions of the Report-Recommendation that Petitioner has specifically challenged survive a novo review: Magistrate Judge Stewart has employed the proper standards, accurately recited the facts, and correctly applied the law to those facts. (*See generally* Dkt. No. 20.)

To the reasons offered by Respondent, the Court adds only one point.  In three instances, Respondent has pointed to arguments in Petitioner's Objections that merely restate arguments submitted below to Magistrate Judge Stewart in Petitioner's memorandum of law (and thus are entitled to only a clear-error review).  *See, supra,* Part I.C. of this Decision and Order.  In each instance, not only does the Court agree that the arguments restate those in Petitioner's memorandum of law, but the Court finds the arguments also restate arguments in Petitioner's traverse.  (Dkt. No. 17, at 5-6, 9-12.)  In any event, the Court finds that those arguments would survive a de novo review for the reasons stated by Respondent and Magistrate Judge Stewart.

For all of these reasons, the Report-Recommendation is accepted and adopted in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 10, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge